### SAM ROUSEY v. THE STATE.

No. 19302. Delivered January 12, 1938.
Rehearing denied February 23, 1938.

The opinion states the case.

*J. Walter Friberg*, of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in jail for twelve months.

Bill of exception No. 6 shows that appellant's motion for an instructed verdict on the ground that the State had failed to prove the want of consent of the owner of the stolen property was overruled. This motion was made and overruled after both sides had closed. It appears further from the record that during the argument of counsel for the appellant the court permitted the State to recall the owner and prove by him that he did not give the appellant or anyone else his consent to take his property. In view of the fact that this proof was before the jury, we would not be warranted in holding that the evidence is insufficient.

Bill of exception No. 5 is concerned with appellant's objection to the action of the court in permitting the State to make said proof as to the owner's want of consent, the specific objection being that it came after appellant's counsel had begun his argument. The rule is well settled that "it is within the judicial discretion of the court whether testimony shall be permitted during the argument." Branch's Ann. P. C. of Texas, Sec. 378. It is obvious that the reception of said testimony was necessary to a due administration of justice.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains of this court in its original opinion herein in failing to discuss his bills of exception 1, 2, 3 and 4. All of these relate to the same subject matter, and will be treated together.

The substance of such bills complains of the pleader incorporating in the complaint and information certain pleadings relative to prior convictions for like offenses, two in number, under Article 61, Penal Code. In bill No. 1 as well as in bill No. 2 he urges a further complaint of the court allowing such proof of former convictions; and in bill No. 3 he excepts to the court's failure to withdraw such proof of these former convictions from the consideration of the jury, and in his bill No. 4 he objects to the court's charge and that portion thereof which

instructs the jury as to the law set forth in Article 61, Penal Code.

Appellant's reason for the making of such objections, and the asking of such instructions, seems to be that there is a further cause of like character pending in the county court of Wichita County, No. 18973, which is yet undisposed of and in which cause the pleader had also alleged the commission of the identical extra offenses which are alleged in this cause as additional offenses. He offers the proposition that cause No. 18973 would present the situation before us that appellant has been heretofore placed in jeopardy for this enhanced punishment by virtue of the allegations in such cause No. 18973. As we understand the record, the latter cause has never been tried but remains on the docket as undisposed of, and we, therefore, can not see any strength in the contention that appellant's enhanced punishment as to the two additional offenses has ever been suffered by him, nor determined in any final way. It seems to us that if there should be any attempt to try cause No. 18973, and an enhanced punishment requested on account of the two extra offenses alleged in this instant cause, then appellant might have just cause for complaint in the trial of that case, but we do not see where he could have any cause for complaint in this case because of the fact that in the undisposed of case in the Wichita County court the same additional offenses were alleged as are found in the case at bar.

Believing as we do, we see no reason why the original opinion in this cause is not correct. The motion for rehearing is overruled.